United States District Court
District of Connecticut
FILED AT   HARTFORD
Feb. 3, 2023
Dinah Milton Kinney, Clerk
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.

DENNIS DELLAGHELFA

CRIMINAL NO. 3:23CR ___ (AWT)

VIOLATIONS:
18 U.S.C. § 1347 (Health Care Fraud)

## INFORMATION

The United States Attorney charges:

### COUNT ONE
(Health Care Fraud)

Unless otherwise indicated, at all times relevant to this Information:

1. Defendant DENNIS DELLAGHELFA ("DELLAGHELFA") was the owner and authorized representative of General Hearing, a Waterbury, Connecticut-based hearing aid dealer.

2. Beginning in or about 2005 and continuing through the date of this Information, DELLAGHELFA was a licensed hearing instrument specialist in the state of Connecticut.

3. The Connecticut Department of Social Services provided medical assistance to low-income persons through the Connecticut Medical Assistance Program (CTMAP). CTMAP's benefit packages, referred to as "HUSKY" or "Connecticut Medicaid," were jointly funded by the State of Connecticut and the federal government. Participating health care providers submitted claims for reimbursement for medically necessary benefits, items, and services rendered to Connecticut Medicaid members. As such, this program was a "health care benefit program" under Title 18, United States Code, Section 24(b).

4. Beginning in or about February 2013 and continuing through the date of this Information, General Hearing was a participating provider in CTMAP.

5. In or about March 2013, March 2015, February 2017, January 2019, and March 2021, DELLAGHELFA, on behalf of General Hearing, electronically signed CTMAP provider enrollment agreements, which contained the following language:

> Provider acknowledges and understands that the prohibitions set forth in state and federal law include, but are not limited to, the following:
>
> a. false statements, claims, misrepresentations, concealment, failure to disclose and conversion of benefits;
> b. any giving or seeking of kickbacks, rebates, or similar remuneration;
> c. charging or receiving reimbursement in excess of that provided by the State; and
> d. false statements or misrepresentation in order to qualify as a provider.

### Scheme and Artifice to Defraud Connecticut Medicaid

6. Beginning in at least June 2016 and ending in or about April 2022, DELLAGHELFA knowingly, willfully, and with the specific intent to defraud, executed a scheme and artifice to defraud Connecticut Medicaid and to obtain money or property owned by and under the custody and control of Connecticut Medicaid by means of materially false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items, and services.

7. The purpose of DELLAGHELFA's scheme and artifice was to enrich himself by submitting false and fraudulent claims to Connecticut Medicaid.

### Manner and Means

8. It was part of the scheme and artifice that DELLAGHELFA took, among others, the following steps in the District of Connecticut and elsewhere.

9. From approximately June 2016 to April 2022, DELLAGHELFA submitted, and caused to be submitted, false and fraudulent claims for payment for services and equipment that were not provided or were medically unnecessary, knowing that at the time the claims were made that they were false and fraudulent.

10. From approximately January 2019 through December 2020, DELLAGHELFA submitted, and caused to be submitted, false and fraudulent claims for services that were purportedly provided by his three employees. However, DELLAGHELFA knew that the employees: (i) performed hearing tests without the required professional permit; and (ii) submitted paperwork for hearing tests and services that did not occur or were not medically necessary.

Execution of the Scheme and Artifice

11. On or about November 20, 2018, in order to knowingly and willfully execute the above-described scheme and artifice, DELLAGHELFA, on behalf of General Hearing, submitted and caused to be submitted to Connecticut Medicaid a materially false claim for services, which represented that on or about November 14, 2018, "Patient A," whose identity is known to the United States Attorney, received an assessment for hearing aids when, as DELLAGHELFA knew, no services had been provided on that date to Patient A by General Hearing.

All in violation of Title 18, United States Code, Section 1347.

FORFEITURE ALLEGATIONS<br>(Health Care Fraud)

12. Upon conviction of the health care offenses alleged in Count One of this Information, defendant DELLAGHELFA shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violation of Title 18, United States Code, Section 1347, including but not limited to:

    a. The contents of Raymond James Financial Inc account 648HT342 held in the name of Dennis Dellaghelfa SEP IRA totaling $262,631.95;

b.     The contents of Webster Bank account ending 0566 held in the name of Dennis P. Dellaghelfa, Jr. totaling $5,157.39;

c.     The contents of Webster Bank account ending 9700 held in the name of Dennis P. Dellaghelfa, Jr. totaling $8,345.66;

d.     The contents of Webster Bank account ending 4349 held in the name of General Hearing Inc. Payroll Account totaling $4,354.75;

e.     The contents of Webster Bank account ending 4369 held in the name of General Hearing, Inc. Savings Account totaling $30,907.88; and

f.     The contents of Webster Bank account ending 4350 held in the name of General Hearing Inc. Operating Account totaling $21,277.77.

13.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

- 5 -

All in accordance with Title 18, United States Code, Section 981(a)(1), as incorporated by Title 28, United States Code, Section 2461(c) and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

UNITED STATES OF AMERICA

*Vanessa Roberts Avery*
VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*Heather C.*
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY

*Elena J. Coronado*
ELENA CORONADO
ASSISTANT UNITED STATES ATTORNEY